

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:GMP
F.#2009R02400

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 15, 2012

<u>BY ECF and Hand Delivery</u>

The Honorable Edward R. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Joel Usher
           <u>Criminal Docket No. 10-428 (ERK)</u>

Dear Judge Korman:

      The defendant is scheduled to be sentenced on March 16, 2012. By letter dated March 12, 2012, the defendant moves for a sentence below the applicable advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") pursuant to the factors set forth under 18 U.S.C. § 3553(a). For the reasons that follow below, the government submits that a Guidelines sentence is appropriate in this case.

I.   <u>Background</u>

      From February 2008 through April 2009, the defendant assisted three different drug couriers in traveling to Jamaica to meet with cocaine source, Basil Bryce. After the couriers arrived in Jamaica, Bryce would instruct them to wear narcotics-laden undergarments, which the couriers wore when returning to the United States. Once in the United States, the couriers would contact Usher, who picked them up and assisted them in traveling to Massachusetts. Usher would then take possession of the undergarments, remove the cocaine and sell it to his customers in Nantucket, Massachusetts.

      On August 9, 2011, pursuant to a plea agreement, the defendant pleaded guilty to one count of conspiracy to import one kilogram or more of cocaine in violation of 21 U.S.C. § 963. This charge is a lesser-included offense of Count One of the indictment, which charges the defendant with conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. § 963. The parties agree that the applicable guideline range in

2

this case is 70 to 87 months, as provided in the plea agreement. Given Bryce's more culpable role in directing the importation scheme, the government agrees that a role enhancement is not warranted. The government further agrees that the defendant is eligible for a safety-valve reduction, which results in an effective Guidelines range of 57 to 71 months.

II.  Argument

    A.  Legal Standard

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  Gall v. United States, 128 S. Ct. 586, 596 (2007) (citation omitted).  Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that the Guidelines range is reasonable.  He must make an individualized assessment based on the facts presented." Id. at 596-97 (citation and footnote omitted).  "'When a factor is already included in the calculation of the [G]uidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the [G]uidelines calculation.'"  United States v. Sindima, 488 F.3d 81, 87 (2d Cir. 2007) (citation omitted, alterations in Sindima).

    B.  A Guidelines Sentence is Appropriate Pursuant to Section 3553(a) Factors

Considering the factors enumerated under 18 U.S.C. § 3553(a), a Guidelines sentence appropriately applies to the defendant.

First, the applicable Guidelines range accounts for the nature and circumstances of the defendant's offense, which is no different from an ordinary drug importation case.  The defendant offers no characteristics that distinguish his offense from the typical case.  His plea agreement and Guidelines range already account for his acceptance of responsibility by granting him a three-point reduction in offense level in exchange for his speedy guilty plea.  These circumstances therefore do not merit a non-Guidelines sentence.  See Sindima, 488 F.3d at 87.

3

Second, the unfortunate circumstances of the defendant's family situation do not require a non-Guidelines sentence. Sadly, the defendant's family is similarly situated to virtually all defendants who have children. See United States v. Vera Ramos, 296 Fed. Appx. 201, 203-04 (2d Cir. 2008) (affirming Guidelines sentence despite defendant's "'difficult upbringing' and 'very substantial family responsibilities'" and noting district court's observation that such circumstances are "almost universal" among defendants in similar cases). Therefore, these aspects of the defendant's history and characteristics are not unique and are not appropriate bases for a non-Guidelines sentence.

Third, a non-Guidelines sentence would not reflect the seriousness of the offense, deter criminal conduct, or protect the public from further crimes by the defendant. Therefore, these factors support a sentence within the advisory Guidelines range. See Sindima, 488 F.3d at 87.

Finally, the defendant does not point to any relevant policy statement that would entitle him to a non-Guidelines sentence. Moreover, as noted above, the defendant's circumstances are not unusual. Therefore, any non-Guidelines sentence would create unwarranted sentencing disparities.

III. Conclusion

For the foregoing reasons, the Court should impose a sentence within the applicable Guidelines range of 57 to 71 months' incarceration.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:  /s/ Gina M. Parlovecchio
Gina M. Parlovecchio
Assistant U.S. Attorney
(718) 254-6228

cc:  Clerk of the Court (ERK)
     Joseph Kilada (By ECF)
     Erin Stewart, United States Probation Dept.